IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH W. JEAN-LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09-3066-CV-S-RED |
| v. | ) | Crim. No. 07-03102-01-CR-S-RED |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Petitioner Joseph W. Jean-Louis' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the reasons discussed herein, Petitioner's motion is **DENIED**.

## BACKGROUND

Petitioner Joseph W. Jean-Louis (hereinafter "Petitioner") was indicted by a federal grand jury on August 31, 2007, in a one-count indictment. The indictment charged Petitioner with robbing Guaranty Bank by intimidation on August 27, 2007, in Springfield, Missouri, in violation of 18 U.S.C. § 2113(a).

On September 13, 2007, Assistant Federal Public Defender Michelle K. Nahon filed a motion for a psychiatric exam of Petitioner, which the Court granted. Thereafter, a clinical psychologist at the United States Medical Center for Federal Prisoners in Springfield, Missouri, prepared a mental health report on Petitioner's competency to stand trial and on Petitioner's sanity at the time of the charged offense. The reports were based on an in-custody examination of Petitioner, and were filed under seal in February 2008. The reports found Petitioner competent to stand trial, and sane at the time of the charged offense. On February 26, 2008, United States

Magistrate Judge James C. England held a competency hearing wherein he announced he would recommend Petitioner be found competent to stand trial, and on April 8, 2008, this Court agreed. Petitioner entered a plea of guilty to the indictment pursuant to a written plea agreement on that same day. The Court questioned Petitioner extensively during the change of plea, and Petitioner affirmed multiple times that he understood the plea agreement and the proceedings, and was able to understand the wrongfulness of the offense both at the time it was committed and at the hearing.

On August 4, 2008, the Court sentenced Petitioner to 151 months imprisonment, and he did not timely appeal the judgment. Petitioner filed his motion to vacate or set aside his sentence pursuant to § 2255 on February 20, 2009.

## ANALYSIS

Petitioner raises multiple arguments for review, including: (1) counsel provided ineffective assistance when she failed to proceed with a not guilty by reason of insanity defense, failed to submit a separate psychological examination, and failed to argue the evidence was insufficient to support the guilty plea, (2) counsel was ineffective for refusing to file a direct appeal, (3) Petitioner was incompetent at the time of sentencing, and (4) Petitioner's right to a speedy trial was denied. As described hereinafter, these arguments are all without merit.

### I.   Ineffective Assistance of Counsel

To establish an ineffective assistance of counsel claim, Petitioner must prove (1) that counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him so as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984). The Court presumes counsel's conduct falls within the

range of reasonable professional conduct. *Id.* at 688-89. To satisfy a showing of deficiency, Petitioner must show that counsel failed to exercise the skills and diligence a reasonably competent attorney would have exhibited given the circumstances. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1994). To establish prejudiced performance, Petitioner must show that there is a reasonable probability that, but for counsel's unreasonable professional errors, the results of the proceeding would have been different. *Id.*

Petitioner asserts his counsel provided ineffective assistance, however all of his arguments present only a cursory description of the alleged ineffectiveness, and offer virtually no support for the assertions. Petitioner's first assertion, that counsel refused to file a direct appeal for him, is contradicted by counsel's affidavit.[1] In her affidavit, Petitioner's counsel states that "at no time did [Petitioner] request that an appeal be filed on his behalf and further, at no time did undersigned counsel refuse to file a notice of appeal on [Petitioner's] behalf." Petitioner offers nothing to counter this assertion, nor has Petitioner offered any meritorious grounds for appeal in the present motion such that he was prejudiced by any failure to appeal. The Court finds counsel was not ineffective for failing to file a direct appeal on Petitioner's behalf.

Petitioner's remaining challenges to counsel's effectiveness, including that counsel failed to proceed with a not guilty by reason of insanity defense, failed to submit a separate psychological examination, and failed to argue the evidence was insufficient to support the guilty plea, were all strategy decisions made after review of the possible options. For example, while Petitioner bemoans not pursuing a "not guilty by reason of insanity" defense, he admits he reviewed this option with

---

[1] The government's response to a § 2255 motion may include an affidavit from defendant's trial counsel, and such an affidavit may explain various defenses counsel explored prior to a change of plea hearing. *See Premachandra v. United States*, 101 F.3d 68, 69 (8th Cir. 1996).

counsel, and was advised against it because counsel felt such a defense was unlikely to succeed given Petitioner's admitted "long criminal history for the offense" in question. Strategy decisions by counsel, including the decision to recommend a guilty plea after thorough investigation, are "virtually unchallengeable unless they are based on improper investigation." *Thyer v. United States*, 2007 WL 2323388, at *1 (W.D. Mo. 2007) (citing *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006)). There is no evidence of improper investigation in this case. Counsel's affidavit indicates she reviewed the possible options with Petitioner, and he chose to enter the guilty plea knowing the consequences. Regarding Petitioner's arguments on the alleged ineffectiveness for failure to offer a separate psychological examination and failure to challenge the sufficiency of the evidence, the competency reports indicate Petitioner could understand the nature of his actions, and Petitioner agreed at his plea hearing that he understood the nature and consequences of his actions both during the offense and throughout the proceedings. Petitioner also agreed to the factual basis for the offense described in the plea agreement at his hearing. Ultimately, there is no indication that counsel's performance was deficient, and no evidence that Petitioner was prejudiced by counsel's performance.

**II.    Competency**

Petitioner's next argument is that he did not fully understand his guilty plea and was incompetent at the time of sentencing. As previously noted, Petitioner's counsel requested a psychiatric examination shortly after the indictment. The examination resulted in expert findings that Petitioner was competent to stand trial and was sane at the time of the charged offense. At his plea hearing, the Court questioned Petitioner extensively regarding his competency, and Petitioner repeatedly and readily agreed that he knew the offense was wrong at the time he committed it.

4

Petitioner also agreed that he understood the nature of the proceedings, that he was competent to proceed, and he understood the terms of his guilty plea. Nothing in the record supports Petitioner's assertion, and the Court finds no relief is warranted.

### III. Speedy Trial

Finally, Petitioner also argues he was denied his right to a speedy trial. However, Petitioner waived this argument by entering his valid guilty plea. *See Taylor v. United States*, 204 F.3d 828, 829 (8th Cir. 2000) ("We conclude that [petitioner] waived his right to raise any argument based on a violation of the Speedy Trial Act when he pleaded guilty."); *United States v. Cox*, 985 F.2d 427, 433 (8th Cir. 1993). Even had he not waived this argument, it appears Petitioner's argument is without merit, as the vast majority of the time between the indictment and entry of the guilty plea was spent determining Petitioner's competency to stand trial.[2] Such time is excluded from speedy trial calculations. *See* 18 U.S.C. § 3161(h)(1)(A); *United States v. DeGarmo*, No. 4:03CR3100, 2004 WL 1070678, at *9 (D. Neb. May 12, 2004) (Speedy Trial Act excludes "all of the time consumed ... by a competency evaluation," including "days that were spent 'unreasonably' or in excess of the time allotted in § 4247(b)."). The Court finds no speedy trial violation.

### CONCLUSION

For the reasons stated herein, Petitioner Joseph W. Jean-Louis' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

**IT IS SO ORDERED**

---

[2] Petitioner was indicted on August 31, 2007. On September 13, 2007, Petitioner's counsel filed a motion for a psychiatric examination. The psychiatric reports were filed with the Court in February 2008, and the Court held the competency hearing on February 26, 2008. United States Magistrate Judge James C. England recommended that Petitioner be declared competent to stand trial and placed back on the active trial docket at that time. The Court found Petitioner competent to stand trial on April 8, 2008, and Petitioner pleaded guilty that same day.

Date: July 1, 2009  /s/ Richard E. Dorr
**RICHARD E. DORR, JUDGE**
**UNITED STATES DISTRICT COURT**